■ KATHLEEN M. GLAWON, Respondent, v WILLIAM J. GLAWON, Appellant.—In an action for a separation, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County, dated March 3, 1977, as, upon granting plaintiff a separation and exclusive custody of the two infant children of the marriage, after a nonjury trial, directed him to pay her a total of $600 per month for alimony and child support. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, the alimony and child support provisions of the judgment are deleted therefrom, and the action is remanded to Special Term for a prompt *de novo* hearing and determination on the issues of alimony and child support. Defendant is to comply with the alimony and child support provisions of the judgment under review pending the new hearing and determination. The sole issue on this appeal concerns the amount of alimony and child support payments. Defendant-appellant, a New York City schoolteacher, claims that an award of $600 per month is excessive because he takes home only $930 every four weeks, based upon an annual gross salary of approximately $19,000. In rendering its decision, the trial court merely stated that the plaintiff-respondent was to receive $600 per month, the greater share to be in child support payments. Although both parties had submitted affidavits setting forth their financial status and needs, and both testified at the trial about this issue, the trial court failed to state in its decision the essential facts found to be the basis for the determination of this $600 amount. Thus, the trial court did not fulfill the requirements of CPLR 4213 (subd [b]). The state of the record, in particular the absence of evidence as to how defendant's take home pay is calculated, does not permit this court, on appeal, to make proper findings of fact and thus avoid a remand to the trial court (see *Fischer v Fischer,* 45 AD2d 917). Upon conclusion of the new hearing, the trial court should set forth appropriate findings of fact, in particular, concerning defendant's spendable income and the needs of the parties. Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.

■ DEMETRIOS HAVIARAS, Appellant, v HARRY SAVOPOULOS, Respondent. —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 19, 1976, which is in favor of the defendant, upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. No issue has been raised as to the facts. The trial court's comments in its charge on assumption of risk, and its statement that the jury could disregard the defendant's admission that he was speeding, unduly prejudiced the plaintiff. Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.

■ JOSEPH F. HINTERSEHR et al., Respondents, v NORTH SHORE TRAVEL SERVICE, INC., Appellant, et al., Defendants.—In a replevin action, the defendant North Shore Travel Service, Inc., appeals from an order of the Supreme Court, Nassau County, dated September 20, 1976, which denied its motion to vacate the judgment entered in the action on the ground that the court lacked jurisdiction to render it since no bond had been filed. Order affirmed, with $50 costs and disbursements to plaintiffs, on the opinion of Mr. Justice Pantano at Special Term. Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.