■ ALYCE H. KING, Appellant, v WALTER W. KING, JR., Respondent.—In an action for separation on the ground of cruel and inhuman treatment, the plaintiff wife appeals from a judgment of the Supreme Court, Rockland County, dated April 14, 1977 and entered in Westchester County, which, *inter alia,* dismissed the complaint and awarded alimony and child support, without allocation. Judgment modified, on the law and the facts, by deleting

the first decretal paragraph thereof and by substituting therefor a provision granting plaintiff's application for a separation. As so modified, judgment affirmed, with costs payable to plaintiff, and action remanded to Special Term for reconsideration of the provisions with respect to occupancy of the marital premises and alimony and support, and for the entry of an appropriate amended judgment accordingly. Having considered the testimony at the trial, which included the defendant's admissions to having physically abused the plaintiff on several occasions, we are of the opinion that the trial court erred in denying plaintiff a judgment of separation on the ground of cruel and inhuman treatment (see Domestic Relations Law, § 200, subd 1). The record before us indicates more than mere incompatability between the parties or isolated instances of violence. As noted in *Hessen v Hessen* (33 NY2d 406, 411) with respect to the granting of a judgment of divorce upon the same grounds: "Objective proof of physical or mental injury to the complaining spouse would certainly be a decisive basis for granting the divorce, but is not a prerequisite." Here the plaintiff presented medical testimony indicating that she had been severely beaten on one occasion. Upon the remand Special Term should consider anew whether plaintiff should be compelled to occupy the present marital residence against her wishes and should also reconsider the award of alimony and child support, which award was conditioned upon such "continued occupancy". Further, since plaintiff has been granted a judgment of separation, amounts awarded as alimony and child support should be allocated separately. Hopkins, J. P., Martuscello, Shapiro and O'Connor, JJ., concur.