■ ELAYNE ZARANSKY, Respondent, v LESLIE ZARANSKY, Appellant. — In a matrimonial action, defendant husband appeals from so much of a judgment of the Supreme Court, Nassau County, entered January 10, 1980 as (1) directed him to pay $125 per week for the support of two of the children of the marriage whose custody was awarded to plaintiff; and (2) failed to direct plaintiff to pay to him any support for the third child of the marriage whose custody was awarded to defendant. Judgment reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the child support provision (fifth decretal paragraph) is deleted therefrom, and the action is remanded to Special Term for a prompt *de novo* hearing and determination on the issue of child support. Defendant is to comply with the child support provision of the judgment under review pending the new hearing and determination. The record adequately supports Special Term's conclusion that "the evidence of the husband tends to obscure rather than clarify his true economic status". Special Term was thus justified in determining to award child support based only upon the needs of the children rather than also trying to evaluate precisely the husband's financial worth (see *Kay v Kay*, 37 NY2d 632). We note, however, that a direct question to the husband as to the value of his primary resource, half ownership of a supermarket, would not have been inappropriate. Having announced its intention to "make an award based upon need", Special Term proceeded to fix the amount of child support without stating the facts it deemed essential regarding the extent of that need. Thus, the court failed to fulfill the requirements of CPLR 4213 (subd [b]). The state of the record does not permit

this court, on appeal, to make proper findings of facts on this question and thus avoid a remand to the trial court (see *Glawon v Glawon,* 59 AD2d 772). Special Term concluded that plaintiff's salary, while enough to support her, was insufficient to allow her to contribute to the support of the children. It based this conclusion on its finding that plaintiff has a gross salary income of $10,200. This finding was in error in view of plaintiff's unequivocal testimony that her gross income for 1979 was "approximately $14,000." This error requires that the question of plaintiff's ability to contribute to the support of the children be re-examined. Again, the record does not permit this court to make the necessary findings of fact as to plaintiff's needs and thus as to her ability to contribute to the children's support. Therefore, on remand, Special Term should also consider this question. Upon conclusion of the new hearing, Special Term, in making its determination, should set forth appropriate findings of fact. Damiani, J.P., O'Connor, Weinstein and Thompson, JJ., concur.