■ THIRL DORSETT, Respondent, v VELVA DORSETT, Appellant. — In a proceeding to change custody of the parties' child from the mother to the father, the appeals are from (1) an order of the Family Court, Westchester County (Donovan, J.), dated June 2, 1982, which, *inter alia,* awarded custody of the child jointly to the Commissioner of the Westchester County Department of Social Services and the father, (2) an order of the same court, dated July 23, 1982, which, *inter alia,* awarded sole custody of the child to the father, and (3) a further order of the same court, entered October 8, 1982, which continued sole custody in the father. Orders reversed, without costs or disbursements, and matter remitted to the Family Court, Westchester County, for further proceedings in accordance herewith. In the interim custody of the parties' child shall remain with the father. On October 2, 1981 the Family Court of the County of Westchester found that it was in the best interests of the child of the parties that the appellant mother have custody of the child. The petitioner father was given reasonable visitation rights. In early February, 1982 appellant secretly moved with her child to Washington, D.C., without notifying petitioner. Petitioner thereupon moved to change custody to himself. Appellant and her child failed to attend the hearing scheduled for May 6, 1982. The "hearing" consisted largely of arguments of counsel for both parties concerning appellant's failure to appear. No testimony was taken, and no evidence was admitted. The court eventually ordered a change in custody from appellant, jointly to petitioner and the Commissioner of the Westchester County Department of Social Services. Relying chiefly on appellant's absence from the State,

which effectively negated petitioner's ability to exercise his visitation rights, the court cited our decision in *Entwistle v Entwistle* (61 AD2d 380, app dsmd 44 NY2d 851) in support of its modification. The order was subsequently amended on July 23, 1982, to grant petitioner sole custody of the child. By order to show cause returnable August 27, 1982, appellant sought to vacate the July 23 order. This application was denied. The instant appeals followed. The Family Court erred in relying on *Entwistle v Entwistle* (*supra*) to modify custody. In *Entwistle* we reversed the summary denial of the appellant father's motion to transfer custody to himself, stating that the act of a custodial parent which prevented contact between the child and the noncustodial parent by the surreptitious removal of the child from an agreed-upon area "is an act so inconsistent with the best interests of the [child] as to, per se, raise a *strong probability* that the mother is unfit to act as custodial parent" (61 AD2d, *supra,* at pp 384-385; emphasis supplied). Accordingly, we remitted the matter for a hearing to examine the question of change of custody. Likewise, in the case at bar, no real hearing was ever conducted. Appellant's secret removal from New York with the child indicates, at best, a "strong probability" that she is unfit to continue as the custodial parent. By no means is her action, which is not to be condoned, absolutely dispositive of the best interests issue. Therefore, we reverse the orders under review and remit the matter to the Family Court for a full hearing to determine the best interests of the child. In the interim, petitioner is to retain custody inasmuch as "[t]he rearing of a child requires greater stability than a roller-coaster treatment of custody" (*Dintruff v McGreevy,* 34 NY2d 887, 888). Gibbons, J. P., Thompson, Bracken and Niehoff, JJ., concur.