Lois O'Sullivan, Appellant, v Robert O'Sullivan, Respondent.

Third Department, July 7, 1983

APPEARANCES OF COUNSEL

*Ricken, Goldman, Sussman & Blythe (Alan N. Sussman* of counsel), for appellant.

*John J. Lynch* for respondent.

OPINION OF THE COURT

Kane, J. P.

Plaintiff and defendant were married in November, 1968. The parties separated in May, 1980. There was no issue born of the marriage. At the trial of the divorce action in March, 1982, the parties stipulated to a joint divorce and to a distribution of the real property held jointly by the parties. The trial went forward on the issue of the equitable distribution of some 112 shares of IBM stock and some Series E savings bonds totaling approximately $3,000. The parties both testified at the trial. Plaintiff testified that before her marriage to defendant in 1968, she was em-

ployed by United Airlines at a salary of approximately $10,000 per year. After the marriage, she moved to Kingston, New York, where she was employed first with an air taxi and then as a travel agent at a salary of approximately $7,500 per year. At the time of the marriage, defendant was employed by IBM at a gross annual salary of approximately $12,000. At the time of trial, defendant was working for the New York State Police at a gross annual salary of approximately $23,000 and plaintiff's salary as a travel agent was approximately $12,000. Both parties testified that prior to their marriage in 1968, defendant purchased and held title to two shares of IBM stock and an undetermined number of Series E savings bonds purchased through a payroll deduction program at IBM. Subsequent to the marriage, the IBM stock was purchased in the joint names of both parties. The testimony of the parties differed as to the title in which the savings bonds purchased after the marriage were held, plaintiff testifying that she believed that the bonds were held jointly and defendant testifying that title was in his name alone, with a clause naming plaintiff as the payee in the event of defendant's death. Defendant testified that approximately one half of the bonds were cashed during the course of the marriage to purchase appliances for the marital residence. The balance of the bonds was cashed after the parties separated and the proceeds were used by defendant to furnish his apartment while plaintiff remained in the marital residence. During the period of separation, defendant paid approximately $1,950 for plaintiff's maintenance and support.

Trial Term determined that the 112 shares of IBM stock "should be divided in direct proportion to the financial contribution of the parties to the marital property: that is, 66-2/3% thereof to defendant and 33-1/3% thereof to plaintiff". Trial Term also determined that the savings bonds were in defendant's name and had been partially cashed to purchase appliances during the marriage and the remainder cashed after the separation so that defendant could furnish his new apartment. With these facts prevailing, Trial Term concluded that plaintiff was not entitled to any of the proceeds of the savings bonds. This appeal by plaintiff ensued.

Plaintiff contends that Trial Term erred by not awarding her a one-half interest in the 112 shares of IBM stock and a one-half interest in the proceeds of the sale of the parties' savings bonds. Although we find such a disposition appealing, we must under the circumstances presented, remit this matter to Trial Term for further consideration. Section 236 (part B, subd 5, par g) of the Domestic Relations Law relating to the equitable distribution of marital property provides: "In any decision made pursuant to this subdivision, *the court shall set forth the factors it considered and the reasons for its decision* and such may not be waived by either party or counsel" (emphasis added).

We construe this provision to be mandatory, and that the factors referred to are the 10 enumerated items in paragraph d of the above statute (see *Nielsen v Nielsen,* 91 AD2d 1016). In its decision, Trial Term stated that "[t]he only relevant consideration here is the economic aspect of the marriage". We do not believe this conclusion conforms with the mandate of the statute and, although it is not our purpose to impose additional burdens upon the Trial Justices, we view these requirements as a legislative directive. Moreover, such a delineation of reasons is necessary in order to provide a basis for intelligent review upon appeal. Accordingly, there should be an indication of which of the 10 factors itemized in the statute are considered and, if considered, a brief and succinct statement relating thereto. If a factor is not considered, the reason therefor should be so indicated (Domestic Relations Law, § 236, part B, subd 5, par d).

The judgment should be modified, on the law, by reversing so much thereof as disposed of the parties' IBM stock and Series E savings bonds, and the matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs.

MAIN, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment modified, on the law, by reversing so much thereof as disposed of the parties' IBM stock and Series E savings bonds, matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs.