■ RACHEL ELEWITZ, Appellant, v LAWRENCE M. ELEWITZ, Respondent. — In a matrimonial action, plaintiff wife appeals, as limited by her brief (1) from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Leggett, J.), dated September 10, 1981, as granted her an unallocated sum of only $14,000 per year for alimony and support, and failed to resolve certain other ancillary issues; and (2) from an order of the same court, entered September 21, 1981, which denied her application for additional counsel fees. Order and judgment modified, on the law and the facts, (1) by deleting the second decretal paragraph and substituting therefor a provision ordering that defendant pay maintenance of $100 per week and child support of $300 per week, such amount to be payable on the first day of each week, retroactive to the date of the entry of the original order and judgment, (2) by deleting the third decretal paragraph and substituting therefor a provision ordering that, if plaintiff should remarry, the maintenance awarded herein shall be annulled as of the date of remarriage, and (3) by deleting the fourth decretal paragraph and substituting therefor a provision ordering that as each child reaches majority or sooner becomes emancipated, the weekly amount of child support shall be reduced by $42.85. As so modified, order and judgment affirmed insofar as appealed from. Order reversed, on the law and the facts, and plaintiff's application for additional counsel fees is granted in the amount of $2,000. Plaintiff is awarded one bill of costs. The testimony at the trial of this pre-equitable distribution case revealed that defendant husband's annual income is approximately $40,000, and that his net monthly income is approximately $2,400. Plaintiff is a housewife, who has no income and has not worked outside the home since the birth of the parties' second child in 1969. In awarding $14,000 per year child support and maintenance, the trial court improperly failed to allocate those amounts separately (see *Goldberger v Goldberger,* 78 AD2d 547; *King v King,* 63 AD2d 669). The court further failed to state the essential facts found to be the basis of its award. However, the record is adequate for the purpose of allowing this court to properly make

findings of fact as to alimony and support (cf. *Zaransky v Zaransky,* 79 AD2d 989). According to defendant's own estimation, plaintiff would need in excess of $1,400 per month to pay for the mortgage, utilities, water, unreimbursed medical expenses, food, and Yeshiva tuition for herself and the seven children. In addition, there are expenses for clothing, telephone, transportation, insurance, books, etc. Considering these expenses and defendant's income, it is clear that the award of $14,000 was inadequate, and it has been modified accordingly. The court improperly denied additional counsel fees. While such fees cannot be awarded for ancillary criminal matters, the time spent on such matters was separately calculated and this court has deducted that amount from the total. The Trial Judge took testimony regarding the parties' relative financial positions from which it is clear that plaintiff does not have independent means of paying her lawyers. Further, especially in view of the inadequacy of the award at trial, the trial court's denial of counsel fees based upon plaintiff's refusal to accept a settlement on more favorable terms than the court's award is unjustified. On appeal, plaintiff raises the issues of title and possession of various items of personal property and the responsibility for outstanding joint obligations. The record is inadequate for this court to review these matters, since they were never specifically raised as issues to be resolved at trial. We have examined the other contentions raised by plaintiff on appeal and find them to be without merit. Gibbons, J. P., Thompson, Weinstein and Rubin, JJ., concur.