■ MARY E. AGARD, Respondent, v THOMAS G. SPAGNOLETTI, Appellant. — Appeal from an order of the Family Court of Broome County (Monserrate, J.), entered September 21, 1983, which awarded plaintiff $200 per week for support of the parties' children following plaintiff's remarriage.

The parties executed a separation agreement in September, 1981 which provided, *inter alia,* that plaintiff was to have

---

custody of the three children and that defendant was to pay $200 per week for unallocated maintenance and child support, together with an additional $1,100 child support annually, payable in equal quarterly installments. The agreement further provided, in pertinent part, that these payments would be subject to renegotiation upon "remarriage of the wife". Plaintiff obtained a conversion divorce (Domestic Relations Law, § 170, subd [6]) on February 8, 1983, in which the decree referred all issues of custody and child support to Family Court. The separation agreement was neither incorporated nor merged into the divorce decree.

Following plaintiff's remarriage on February 19, 1983, defendant reduced the weekly payments to $100, whereupon plaintiff petitioned for a hearing before Family Court. The court found "defendant chargeable with support of the three minor children of the marriage and possessed of sufficient means and able to earn such means to provide the payment of Two Hundred Dollars ($200) per week". On this appeal, defendant seeks reversal on the ground that Family Court erred in failing to reduce the support payment upon plaintiff's remarriage, and secondly, that the decision is violative of section 236 (part B, subd 7, par b) of the Domestic Relations Law for failing to specify the factors upon which it was based. We agree with the latter contention. The brief, general history set forth in Family Court's decision does not constitute an adequate factual basis for the award. Section 236 (part B, subd 7, par b) of the Domestic Relations Law requires that in any decision relating to child support, the trial court must set forth the factors it considered and the reasons for its decision. This provision is mandatory and may not be waived by either party (see *Gainer v Gainer,* 100 AD2d 533, 534; *Conde v Conde,* 96 AD2d 747; *O'Sullivan v O'Sullivan,* 94 AD2d 407, 409; *Nielsen v Nielsen,* 91 AD2d 1016). Inasmuch as Family Court failed to delineate its reasons for the award, the matter must be remitted to that court for further findings in accordance with the provisions of the Domestic Relations Law (see *O'Sullivan v O'Sullivan, supra*).

Order reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.