■ JOAN D. GIBBONS, Respondent, v DONALD R. GIBBONS, Appellant. — Appeal from an order of the Supreme Court at

Special Term (Cerrito, J.), entered May 31, 1983 in Schenectady County, which, *inter alia,* directed that defendant pay plaintiff child support and awarded counsel fees to plaintiff.

A Supreme Court order, based upon a stipulation between the parties and entered in Schenectady County on May 18, 1981, ordered defendant to pay plaintiff, *pendente lite,* $135 per week child support and a like sum for maintenance. The order also directed defendant to pay plaintiff $500 in counsel fees with leave to renew her application for further counsel fees at the time of trial of the then pending divorce action. Thereafter, while defendant was on a leave of absence from his position as a mechanical engineer at the General Electric Company, the divorce action was moved for trial. Prior to trial, on July 7, 1982, the parties entered into a stipulation that expressly excluded child support and provided that the issue of support and maintenance was to be determined by Supreme Court on submitted papers.

Before the issue could be resolved, defendant moved to require plaintiff to execute a satisfaction and discharge of any prior judgments and garnishments obtained by her by reason of defendant's alleged default in maintenance and child support payments. Plaintiff cross-moved for a modification of the sum fixed for child support based upon defendant's return to work and changed circumstances. Special Term denied defendant's motion and granted plaintiff's motion by fixing child support at $135 per week and awarding counsel fees in the sum of $500. This appeal by defendant ensued.

We reverse. While an agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing and provides for the maintenance of any child of the parties (Domestic Relations Law, § 236, part B, subd 3), the parties herein by stipulation dated July 7, 1982 expressly excluded child support, as agreed upon by the parties in the stipulation dated May 18, 1981 and provided that the support issue would be determined on submitted papers. Thus, we are constrained to decide the issue of support in accordance with the terms of section 236 (part B, subd 7) of the Domestic Relations Law.

In *O'Sullivan v O'Sullivan* (94 AD2d 407, 409), we construed section 236 (part B, subd 5, par g) of the Domestic Relations Law, which provides that, "In any decision made pursuant to this subdivision, *the court shall set forth the factors it considered and the reasons for its decision* and such may not be waived by either party or counsel" (emphasis added) to be mandatory.

Here, since the provisions of sections 236 (part B, subd 7, par b) of the Domestic Relations Law are identical to section 236 (part B, subd 5, par g), we reach a like conclusion. Consequently, since Special Term failed to set forth any of the factors it considered and the reasons for its decision, the matter must be remitted (see *Agard v Spagnoletti,* 105 AD2d 901).

Order reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.