■ WILLIAM DE VRIES, Appellant-Respondent, v MARIE DE VRIES, Respondent-Appellant. — In a matrimonial action and an

action for necessaries, the parties cross-appeal from stated portions of a judgment of the Supreme Court, Nassau County (Becker, J.), entered October 27, 1983, which, *inter alia,* (1) awarded the defendant wife unallocated alimony and child support in the sum of $800 per week and directed that this award be retroactive to November 2, 1981, the date of entry of a judgment of divorce, (2) awarded to the defendant wife a money judgment in the sum of $28,245, representing the difference between the retroactive award and the amount previously paid by the plaintiff husband under the prior judgment of divorce to September 5, 1983, (3) directed the plaintiff husband to pay for the college education of the infant children limited to the institution charges for tuition, board, books and other ancillary academic fees not to exceed the sum of $9,000 per school year per child, (4) awarded a money judgment for necessaries to the defendant wife in the sum of $5,745, and (5) awarded counsel fees and expenses to the defendant wife in the sum of $15,000.

Judgment modified, on the law and the facts, by deleting the first decretal paragraph and substituting therefor a provision that plaintiff shall pay to the defendant the sum of $500 per week for her support and maintenance and $100 per week per child for the support and maintenance of the three infant issue of the marriage, for a total of $800, by check or money order drawn to defendant's order and forwarded on Monday of each week commencing with November 2, 1981, the date of the entry of the judgment of divorce. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.

This court concurs with Special Term's award and directions with respect to the resolution of the financial issues before it. We find that the court erred, however, in failing to separately allocate the awards for maintenance of the defendant wife and for child support (*Cohen v Cohen,* 104 AD2d 841; *Elewitz v Elewitz,* 97 AD2d 784; *Goldberger v Goldberger,* 78 AD2d 547). Since the second decretal paragraph of the judgment provides for reduction of the unallocated alimony and support award by the sum of $100 per week as each of the minor children attains the age of 21 years or becomes emancipated, the record is sufficient for this court to properly make the necessary allocation and, therefore, we need not remit the matter (*Elewitz v Elewitz, supra*) to Special Term. Thompson, J. P., O'Connor and Lawrence, JJ., concur.

Boyers, J., concurs in part and dissents in part, with the following memorandum: I agree with my colleagues that, *inter alia,* Special Term should have separately allocated the sums awarded for maintenance of the defendant wife and for child support, and I concur with the allocation made by my colleagues.

However, based upon a review of the record, I am persuaded that the yearly sum awarded for the college education of the infant children was inadequate and should be increased to $12,000 per school year per child.