■ HELGA WOERTLER, Respondent, v FREDERICK WOERTLER, Appellant. — Weiss, J.

Plaintiff commenced this action for divorce on December 15, 1982, premised upon defendant's cruel and inhuman treatment. Married in 1965, the parties have two children, one of whom is emancipated. The parties initially resided in California, but returned to New York in 1970 when they purchased and began operating a florist shop on a partnership basis in the Village of Endicott, Broome County. Marital difficulties began in 1979, with defendant repeatedly spending evenings away from the marital residence. In October 1979, defendant was arrested for indecent exposure. Thereafter, in July 1982, plaintiff learned of defendant's affair with an employee at the florist shop, for whom he had purchased an expensive watch. Plaintiff left the marital residence shortly thereafter with the children. In December 1982, defendant was again arrested, this time for deviant sexual behavior involving two 15-year-old boys. He was also charged with attempting to bribe a witness in the case against him. After commencing the instant action, plaintiff was awarded temporary maintenance and child support and, in August 1983, was appointed temporary receiver of the florist business due to defendant's incarceration in a State correctional facility.

On May 4, 1984, defendant was transferred from the State correctional facility to the Broome County Jail to facilitate preparation for the divorce trial. Defendant then discharged his attorney and, on May 7, 1984, the day of trial, requested an adjournment to obtain new counsel. Upon the denial of that request, defendant refused to allow counsel to represent him or to proceed *pro se.* Nonetheless, the trial ensued with defendant present but not participating. On the basis of the events outlined above, expanded by plaintiff's testimony that defendant had threatened to physically harm her and destroy the family business, and her further testimony that the publicity surrounding

the criminal events had a devastating emotional effect upon her and the children requiring consultation with a psychologist, plaintiff was granted a divorce premised on cruel and inhuman treatment (*see, Brady v Brady,* 64 NY2d 339). The trial continued on to the equitable distribution of the parties' assets with defendant still not participating. In the final judgment, the court granted custody of the infant child to plaintiff with weekly child support in the amount of $150, made a division of the marital property and identified the remaining separate property. Defendant's share of the marital property was placed in escrow pending his release from incarceration. Plaintiff was also awarded counsel and appraiser's fees. Defendant has appealed.

Initially, defendant contends that the trial court abused its discretion in refusing his pretrial motion for an adjournment to obtain new counsel. The record shows that defendant's attorney, whom he discharged on the eve of trial, had handled the case from its inception through the proceedings involving temporary maintenance and child support, discovery and receivership of the florist business. Counsel had arranged for defendant's transfer to the local jail so that he could prepare for trial with defendant, and even upon being discharged, delivered a list to defendant outlining the primary points of the trial to assist him and any new counsel. Nonetheless, defendant explained to the trial court that a discharge was required since counsel allegedly failed to handle various aspects of the case. Defendant asserted that he had been working with new counsel for several weeks, and yet refused to disclose the name to the court. The discharged attorney indicated that he was unaware of defendant's dissatisfaction with him or of his attempts to retain new counsel. As noted by the trial court, the case was listed as No. 6 on the Trial Calendar.

Generally, the conduct of a trial, including the granting of adjournments, rests within the trial court's discretion (CPLR 4402; *Balogh v H.R.B. Caterers,* 88 AD2d 136; *Bilyou v State of New York,* 33 AD2d 604). The rules of this court dictate that "[a]ny case on [the trial] calendar may only be adjourned for good cause shown supported by affidavits or other documents" (22 NYCRR 839.4 [b] [1]). Given the circumstances described, we find that the trial court had ample basis to consider defendant's dismissal of counsel as nothing but a delaying tactic and, therefore, properly denied the adjournment (*see, Wilson v Wilson,* 97 AD2d 897, 898; *J.C.S. Design Assoc. v Vinnik,* 85 AD2d 572, 573). Consequently, the judgment for divorce must stand.

We reach a different conclusion concerning equitable distribution of the marital property. In view of the trial court's failure to

set forth the statutory factors relied upon in distributing the marital property (Domestic Relations Law § 236 [B] [5] [d], [g]) and in awarding child support (Domestic Relations Law § 236 [B] [7] [a], [b]; *Stevens v Stevens,* 107 AD2d 987), a new trial is required. By statutory mandate, the trial court is required to indicate which of the enumerated factors have been considered, along with the reasons for its decision (*O'Sullivan v O'Sullivan,* 94 AD2d 407, 409). An explanation for any factor not considered should also be indicated (*supra*). A review of the instant decision shows that these requirements have not been fulfilled. Therefore, neither the decision nor the record provide an adequate basis for intelligent appellate review (*supra; cf. Sementilli v Sementilli,* 102 AD2d 78, 86; *Wilson v Wilson,* 101 AD2d 536, 538).

Moreover, certain findings of the trial court are erroneous. The 1974 Mercedes automobile inherited by defendant and purportedly given to plaintiff does not constitute separate property (Domestic Relations Law § 236 [B] [1] [d] [1]). Nor, for that matter, does defendant's gift to plaintiff of certain jewelry worth approximately $13,000 constitute separate property (*id.*). The trial court also failed to determine whether a $6,000 payment to one Robert Filmore, a former employee at the florist shop, constituted a legitimate business expense or a personal obligation chargeable to defendant. Furthermore, the trial court never specifically delineated which accounts payable from the business were properly deemed defendant's personal obligations. Nor did the court resolve whether the first martial residence in California was purchased with funds plaintiff received from an automobile accident settlement, which amount would be her separate property (Domestic Relations Law § 236 [B] [1] [d] [2], [3]). The court also failed to address the emancipation of one child subsequent to the initial order of temporary child support. In view of these errors, a new trial is required to establish a proper evidentiary basis for equitable distribution of the marital property and an appropriate award of child support.

Finally, inasmuch as plaintiff has ample funds to pay her attorney, the trial court's award of $9,500 in counsel fees to her must be reversed (*Tanner v Tanner,* 107 AD2d 980).

Judgment modified, on the law, without costs, by reversing so much thereof as directed equitable distribution of the parties' marital property and made awards for child support and counsel fees; matter remitted to Trial Term for further proceedings not inconsistent herewith; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.