■ MARY E. S. AGARD, Respondent, v THOMAS G. SPAGNOLETTI, Appellant.—Harvey, J. Appeal from an order of the Family Court of Broome County (Monserrate, J.), entered November 15, 1984, which awarded plaintiff $200 per week for support of the parties' children following plaintiff's remarriage.

The parties executed a separation agreement in September 1981 which provided that plaintiff was to have custody of the three children of the marriage and that defendant was to pay $200 per week unallocated maintenance and child support, together with an additional $1,100 child support annually, payable in equal quarterly installments. The agreement further provided, in pertinent part, that these payments would be subject to renegotiation upon, *inter alia,* plaintiff's remarriage. In the event that no agreement could be reached upon renegotiation, the parties stipulated that the issue be referred to Family Court.

Plaintiff obtained a conversion divorce on February 8, 1983. The separation agreement was neither incorporated into nor merged with the judgment of divorce. The issues of child custody and support were referred to Family Court. Apparently, neither party considered it necessary to obtain a Family Court order immediately following the divorce. However, defendant unilaterally reduced the weekly payments to $100 when plaintiff remarried on February 19, 1983. Then, plaintiff petitioned for a hearing in Family Court for an order establishing child support. At that hearing, defendant contended that he was entitled to a reduction in his agreed weekly payments because of plaintiff's remarriage. Family Court awarded plaintiff child support in the amount of $200 a week. An appeal was taken to this court and, by decision dated November 1, 1984, we remitted the case to Family Court for compliance with Domestic Relations Law § 236 (B) (7) (b) (105 AD2d 901). Thereafter, Family Court rendered a decision which, although different in form, continued the requirement that defendant pay $200 per week for child support. This appeal by defendant ensued.

Family Court misconstrued the language of the separation agreement as applying only to child support. While at one point, the court stated that "defendant demonstrated the financial capacity to make the *$200 weekly payments toward his children's support to which he had agreed*", in another place it stated "or the ability of the defendant to provide them *as he had agreed to do*" (emphasis supplied). Under the Domestic Relations Law as it existed at the time of the agreement, "maintenance" and "child support" had particular meanings. Maintenance is allowed for the living expenses of a spouse. Child Support is limited to the living expenses of a child. It is clear that defendant agreed to pay for both the living expenses of his spouse and those of his children. Although the separation agreement did not specifically establish the percentage of the $200 payment for plaintiff's maintenance, it is clear that some portion of the payment was for that purpose (*Surlak v Surlak,* 95 AD2d 371, 378-379, *appeal dismissed* 61 NY2d 906). No one contends that the separation agreement was unfair or inequitable.

We conclude, in the interest of judicial economy, that we should make a determination of the amount of child support to be paid by defendant (*see, Elewitz v Elewitz,* 97 AD2d 784; *Matter of Jones v Jones,* 92 AD2d 632). By providing for a renegotiation of defendant's support obligations upon plaintiff's remarriage, the parties recognized that defendant's obligation to provide maintenance would expire upon that event and that a reduction in defendant's favor commensurate therewith would be appropriate. There was no credible evidence which suggests a change of circumstances on the part of either the children or defendant. The agreed weekly payment was to have provided living expenses of four people. Now, defendant is only responsible for the living expenses of three people. Consequently, we conclude that a weekly child support payment in the sum of $150 would be appropriate. The separation agreement provided an extra payment of $1,100 a year child support to reimburse plaintiff for income tax obligations resulting from the unallocated aspect of the agreement. Now that the only payment will be for child support, not taxable to plaintiff, it was appropriate to delete that provision.

Although, in arriving at our decision, we have considered all of the factors set forth in Domestic Relations Law § 236 (B) (7) (a), we particularly note subparagraph (3) thereof, which states that "where practical and relevant, the standard of living the child would have enjoyed had the marriage not been dissolved".

Order modified, on the law and the facts, without costs, by reducing defendant's obligation for child support from $200 per week to $150 per week, and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.