■ Rochelle F. Rosen, Respondent, v Meyer R. Rosen, Appellant. (Appeal No. 1.)—Judgment unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant husband appeals from those parts of a judgment of divorce adjudicating the issues of child custody, visitation and support, and the economic issues of maintenance and equitable distribution. The parties each sought a divorce on grounds of cruel and inhuman treatment, and upon the withdrawal by each

party of pleadings opposing the action of the other, the court bifurcated the trial and referred the custody, visitation, support and economic issues to a Referee for a hearing and to report. The report of the Referee was subsequently adopted and ratified by the court as its findings and conclusions. The judgment granted each of the parties a divorce on the grounds of cruel and inhuman treatment, and embodied the Referee's recommendations on the remaining issues.

The parties were married in Buffalo, New York on July 16, 1967. The defendant is a long-time employee of Union Carbide Company. Shortly after the marriage he was transferred to the New York City area and the parties took up residence in Spring Valley, New York. There are two children of the marriage, Carrie, born on September 14, 1974, and David, born on January 19, 1978.

Plaintiff earned her Bachelor of Arts degree in 1972. At the time of trial in 1984 she was a full-time student at the State University of New York at Buffalo and expected to receive her Master's degree in social work in May 1985. Defendant earned Bachelor's and Master's degrees from the Polytech Institute of Brooklyn prior to the marriage and at the time of trial was earning approximately $55,000 per year.

The marital residence in Spring Valley was purchased by the parties in 1971 and was valued by them at $88,000 to $90,000, subject to a mortgage balance of $28,900 and back taxes of $3,260.

On June 28, 1982, with defendant's full knowledge, plaintiff left Spring Valley with the two children, allegedly to spend the summer in Buffalo and to enroll the children in summer camp. Plaintiff and the children spent the summer with plaintiff's mother in the latter's home in the Buffalo area. This action for divorce was commenced by plaintiff on September 4, 1982.

Defendant argues that it was error to grant permanent custody of the children to plaintiff. He contends that he is the more fit parent, and that plaintiff's abduction of the children from the marital residence should disqualify her from custody. The best interests of the children is the test to be applied (Eschbach v Eschbach, 56 NY2d 167), and the record is sufficient to support the award of custody (cf. Matter of Blake v Blake, 106 AD2d 916). The evidence demonstrates that each party is a fit parent. Moreover, it was found by the trial court that plaintiff did not decide to remain in the Buffalo area until after she had commenced her visit. That finding is

supported in the record and there is, therefore, no basis to conclude that plaintiff abducted or secretly removed the children from the marital residence *(cf. Dorsett v Dorsett,* 93 AD2d 854).

There is merit to defendant's argument that his visitation rights should be made more specific. Since the parties will be separated by substantial distance, we modify the custody and visitation provisions of the judgment to read as follows:

"ORDERED, ADJUDGED AND DECREED, that the plaintiff, RO-CHELLE ROSEN, shall be granted permanent custody of the children of the marriage, with continued liberal visitation to be afforded to the defendant. Specifically, upon reasonable notice to the plaintiff, defendant shall have the right of visitation on weekends; and shall have full summer visitation, with the exception of those periods of time that the children are away at camp; that defendant shall have the right to communicate with his children by telephone; and that plaintiff shall facilitate all such rights of visitation and communication; and it is further

"ORDERED, ADJUDGED AND DECREED, that the defendant, upon reasonable notice from the plaintiff, shall provide and shall permit the plaintiff such reasonable visitation during the summer visitation period whenever the plaintiff shall be in the New York City area, but such right to visitation shall not exceed one day in every two-week period."

The judgment grants an unallocated award for child support and rehabilitative maintenance of $400 per week for the first two years following entry of judgment, and $300 per week for the third year. After the third year, the judgment provides for child support only of $100 weekly per child, to be reduced on certain conditions during periods of defendant's visitation. The record discloses that the trial court considered all the factors required to be considered by Domestic Relations Law § 236 (B). In view of the respective incomes of the parties, the awards are not excessive. We find, however, that the awards for child support and maintenance should be separately stated *(see, De Vries v De Vries,* 106 AD2d 424). The ninth and tenth decretal paragraphs are modified to read as follows:

"ORDERED, ADJUDGED AND DECREED, that defendant shall pay to plaintiff as and for rehabilitative maintenance for a period of two years from the date of entry of the judgment herein the weekly sum of $200, and during the third year the weekly sum of $100. Thereafter defendant's obligation to provide maintenance payments to plaintiff shall cease; and it is further

"ORDERED, ADJUDGED AND DECREED, that defendant shall pay to plaintiff as and for child support only, the sum of $100 per week per child, which payments shall cease as each child attains the age of 21 years or becomes sooner emancipated; that effective three years after entry of judgment herein, during those periods of time when the defendant shall be exercising visitation rights for more than a two-week period, defendant's support obligations shall be reduced to $50 per week per child for each week after the first week of visitation."

Since we have allocated the awards to maintenance and to child support, no purpose is served by requiring a life insurance policy naming the plaintiff as beneficiary. It is appropriate, however, to require life insurance for the benefit of the children. The eleventh decretal paragraph is modified, therefore, to strike the direction that plaintiff be named beneficiary of a life insurance policy and to require that defendant provide a $100,000 life insurance policy naming his children as irrevocable beneficiaries, which policy shall be kept in full force and effect for so long as the defendant is obligated to provide child support payments.

It is also appropriate that defendant be required to provide major medical insurance coverage for his children. Having allocated the awards of maintenance and child support, the twelfth decretal paragraph must be modified to read as follows:

"ORDERED, ADJUDGED AND DECREED, that defendant shall provide major medical insurance coverage for his children for three years after entry of the judgment herein; that thereafter the cost of such major medical insurance shall be borne equally by the parties, unless one or both shall have such coverage provided as a benefit of employment. All uninsured medical, dental and orthodontia costs shall be borne equally by the parties."

There is no merit to defendant's claim that because a judgment of divorce has been awarded against plaintiff, she is not entitled to an award of maintenance (see, Pacifico v Pacifico, 101 AD2d 709; Blickstein v Blickstein, 99 AD2d 287, appeal dismissed 62 NY2d 802). Finally, the court's determinations distributing the marital property, including defendant's pension fund, and its award of counsel fees should not be disturbed. (Appeal from judgment of Supreme Court, Erie County, Francis, J.—divorce.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.