■ AYLA HROMEK, Respondent, v WILLIAM J. HROMEK, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court ordering, *inter alia,* equitable distribution of the parties' marital property, entered April 10, 1985 in Broome County, upon a decision of the court at Trial Term (Bryant, J.), without a jury.

Defendant objects to certain provisions of the judgment of divorce entered after trial. As to the claim that Trial Term erred in failing to give defendant credit for certain bills paid by him, we find ample evidence in the record to support the court's finding that these bills were for defendant's personal obligations, not marital debts. We also find no impropriety in Trial Term's failure to specify that the maintenance provision was modifiable *(see,* Domestic Relations Law § 236 [B] [9] [b]) or in its award of counsel fees to plaintiff *(see, Walsh v Walsh,* 92 AD2d 345).

In awarding child support, Trial Term merely continued a prior order of Family Court. However, the Domestic Relations Law requires that certain factors be considered by the court before it makes an award of child support (Domestic Relations Law § 236 [B] [7] [a]), and the court's decision must set forth the factors it considered and the reasons for its decision (Domestic Relations Law § 236 [B] [7] [b]). Since the record is not sufficiently developed as to the enumerated factors, the matter should be remitted in order to cure this deficiency *(see, Woertler v Woertler,* 110 AD2d 947, 949; *Agard v Spagnoletti,* 105 AD2d 901, 902).

Defendant also contends that Trial Term erred in including the present value of his pension as marital property. The possibility that defendant might die before reaching the age of retirement does not preclude the court from ordering distribution of the present value of a vested pension earned during the marriage *(see, Majauskas v Majauskas,* 61 NY2d 481). We are of the view, however, that additional amplification and clarification of the derivation of the figures used in its calculation of the present value of defendant's pension is necessary for intelligent review.

Judgment modified, on the law, by reversing so much

thereof as (1) awarded child support and (2) included the present value of defendant's pension in the marital property subject to equitable distribution; matter remitted to Supreme Court for further proceedings not inconsistent herewith; and, as so modified, affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.