■ JOSEPHINE DeNIGRO, Appellant, v JOHN N. DeNIGRO, Respondent.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Oneida County, for further proceedings, in accordance with the following memorandum: The trial court properly determined on the merits that defendant's divorce decree obtained in Guam in 1985 was entitled to comity. The court erred, however, in summarily dismissing plaintiff's claim for equitable distribution without a hearing and without enumerating the statutory factors it considered *(see,* Domestic Relations Law § 236 [B] [5] [d]). The record indicates that each

party has a pension which constitutes marital property subject to equitable distribution *(see, Majauskas v Majauskas,* 61 NY2d 481). There may be other marital property as well *(see, Price v Price,* 69 NY2d 8). Plaintiff may be entitled to a portion of the marital assets based upon her contribution and efforts throughout the marriage *(see,* Domestic Relations Law § 236 [B] [5] [d] [6]; *Arvantides v Arvantides,* 64 NY2d 1033, 1034; *cf., Wegman v Wegman,* 123 AD2d 220). Since the record before us is inadequate to make our own findings we remit the matter for a hearing on the issues of equitable distribution of marital property and related counsel fees *(see, Norgauer v Norgauer,* 126 AD2d 957; *Woertler v Woertler,* 110 AD2d 947, 948-949; *Pacifico v Pacifico,* 101 AD2d 709; *cf., Damiano v Damiano,* 94 AD2d 132). (Appeal from order of Supreme Court, Oneida County, Tenney, J.—equitable distribution.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.