■ CAROLYN J. NIELSEN, Respondent, v ARTHUR T. NIELSEN, Appellant. — In a matrimonial action, defendant appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Westchester County (Burchell, J.), dated December 17, 1981, as (1) awarded plaintiff (a) $200 per week permanent maintenance, (b) $150 per week child support and (c) exclusive possession of the marital residence until the youngest child reaches 21 years of age or is sooner emancipated, with the provision that plaintiff pay all expenses relating thereto and that the residence be thereafter sold and the net proceeds divided 75% to plaintiff and 25% to defendant, and (2) directed defendant to pay the college education costs of the parties' two youngest children. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. In enacting part B of section 236 of the Domestic Relations Law, the Legislature deemed it advisable to require a court to consider specifically enumerated factors in making financial dispositions and to set forth the factors considered and the reasons for its decision. Section 236 (part B, subd 5, par d), for instance, sets forth 10 factors the court "shall consider" in determining the equitable disposition of property and paragraph g of that subdivision states that "the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel". Similarly, section 236 (part B, subd 6, par a) sets forth 10 factors the court "shall consider" in determining the amount and duration of a maintenance award and paragraph b of that subdivision reiterates that the court "shall set forth" the factors and the reasons for its decision. Again, section 236 (part B, subd 7, par a) sets forth five factors to be considered in making child support awards, and paragraph b of that subdivision requires the court to set forth the factors and the reasons for its decision. Contrary to the mandatory language of the Domestic Relations Law noted above, Special Term never indicated in the judgment under review whether in its distribution of marital property and awards of maintenance and child support it had considered the enumerated factors. Nor did Special Term's allusion in its decision and judgment to some of the facts in this case sufficiently explain its determinations on property distribution, maintenance and child support so as to comply with the requirements of the Domestic Relations Law. Special Term is not at liberty to circumvent the unequivocal command of a statute (*Matter of Industrial Comr. of State of N. Y. v Five Corners Tavern*, 47 NY2d 639; *Gellman v Gellman*, 80 AD2d 735). Accordingly, the judgment must be reversed insofar as appealed from, and the matter remitted to Special Term for a new determination consistent with the dictates of the relevant provisions of the Domestic Relations Law. Mollen, P. J., Weinstein, Bracken and Rubin, JJ., concur.