■ SUSAN DUFFY, Respondent, v WILLIAM DUFFY, Appellant. — In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Christ, J.), entered May 4, 1982, as (1) directed him to pay the plaintiff wife $300 per week for her maintenance for a period of three years, (2) upon directing that the marital home be sold, that the mortgage be satisfied with the proceeds, and that $32,000 be awarded to him from the net proceeds as his separate property, awarded the wife a one-half interest in the balance of such proceeds and directed him to satisfy any income tax liens on the marital home from his share of such proceeds, (3) awarded the wife an equal share of the proceeds from the sale of another parcel of real property and a gas and oil investment, (4) directed that he pay the wife the sum of $12,000 for her counsel fees and (5) directed him to pay the sum of $4,108.50 in arrears due under a temporary maintenance order. Judgment modified, on the law and the facts, (1) by deleting subparagraph (b) of the third decretal paragraph thereof, which directs that the balance of the net proceeds from the sale of the marital residence, after deduction of $32,000 as defendant's separate property, be equally divided between the parties, and by substituting therefor a provision directing such balance to be divided 75% to defendant and 25% to plaintiff and (2) by deleting so much of the seventh decretal paragraph as directs that the net proceeds from the sale of the parties' interest in "The Master Drilling Partnership" be divided equally, and by substituting therefor a provision that defendant receive the sum of $9,000 from such proceeds and that the balance remaining be divided 75% to defendant and 25% to plaintiff. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. This action is governed by the provisions of part B of section 236 of the Domestic Relations Law. Subdivisions 5 and 6 of part B of that statute, which, *inter alia,* govern awards of maintenance and distribution of property in divorce actions, provide that a court "shall consider" specific factors which are enumerated in the statute. Paragraph g of subdivision 5 and paragraph b of

subdivision 6 further provide that "the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel". The Legislature, by couching these provisions in mandatory terms, intended to restrict judicial discretion and also to provide a clearer record for an appeal (see Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, C236B:17; Foster, Commentary on Equitable Distribution, 26 NY Law School L Rev 1, 51). In the judgment under review, Special Term failed to comply with those statutory mandates. While it made brief reference in its decision to section 236 of the Domestic Relations Law, such reference clearly was not sufficient to comply with its requirements. Nevertheless, in lieu of remitting the entire matter for new findings in accordance with the statute, we modify certain portions of the judgment to conform with the over-all circumstances of the parties as revealed by the record. We note that an extensive trial was held in the instant case and Special Term's decision sets forth the court's reasoning in detail. For those reasons alone, we are persuaded to modify the judgment despite Special Term's failure to comply with the clear statutory mandates. Our decision must be read as limited to the special circumstances existing in the instant matter (cf. *Nielsen v Nielsen,* 91 AD2d 1016). The parties were married on November 25, 1978. The marriage was the second for both parties and was childless. At the time this action was commenced the parties had been married for three years. The record reveals that the plaintiff had been living in Oklahoma prior to this marriage. She had been employed as a secretary earning a gross salary of $900 per month and by an advertising agency, selling advertising space and earning, on the average, about $630 per month in commissions. Other than the furniture in her apartment and about $500 in a bank account, she had no assets. Plaintiff has a child from her first marriage. Pursuant to the decree of divorce which dissolved that marriage she is entitled to receive twice monthly payments of $200 in child support. During the course of her marriage to defendant she received only one child support payment from her former husband. Plaintiff receives an average of $700 quarterly in interest from a $30,000 certificate of deposit owned jointly by her father and son to be used for her son's benefit. After her move to New York in August, 1978, and until October, 1981, plaintiff was occupied as a homemaker and did not work outside the home. She conducted repairs and renovations on defendant's prior residence and upon the marital residence. She also cared for defendant's children who were 8, 16 and 17 years of age at time of her marriage to defendant, and she prepared meals for the entire household, which included defendant's cousin, defendant's three children and her own child. The record further reveals that the defendant is a self-employed insurance agent. In 1978, at the time of the marriage, his gross yearly income was $88,156. Defendant's gross yearly income in 1981 was about $200,000. The major asset acquired during the marriage was the marital residence, purchased in February, 1979 for $160,000. Defendant contributed $32,000 in cash acquired through the sale of a residence which he owned prior to his marriage to plaintiff. The marital residence was held jointly by the parties as tenants by the entirety. Its present fair market value is $260,000 and the balance owing on the original mortgage of $128,000 is about $126,000 leaving a net present value of $134,000. In view of the short duration of this childless marriage and the absence of any monetary contributions on the plaintiff's part toward the acquisition of marital property, we believe Special Term should not have directed the equal division of the net proceeds from the sale of the marital residence after provision was made for reimbursement of defendant's contribution of separate funds toward the purchase price of such property (cf. *Mercier v Mercier,* 103

Misc 2d 1029). This is not to say that plaintiff's contributions as a homemaker and to the improvement of the home are being ignored. Upon the record before us, plaintiff should receive 25% of the net proceeds from the sale of the marital residence and defendant should receive 75% thereof. We are not persuaded by defendant's contention that the substantial liabilities he has accrued should bar plaintiff from any share of the proceeds. Most of those debts predate the marriage. Special Term also ordered the equal division of the net proceeds from the sale of the parties' interest in "The Master Drilling Partnership". The initial investment was $9,000 which Special Term found came exclusively from defendant. Defendant testified that he acquired the $9,000 through a loan from the U.S. Trust Company for which he has a continuing obligation. The current value of this interest is $45,000 minus an encumbrance of $22,000 leaving a present value of $23,000. Since defendant has continuing liability on the debt incurred to purchase the interest in question, he should be reimbursed $9,000 from the net proceeds of the sale of that asset. The balance should be divided 75% to the defendant and 25% to the plaintiff. Given the minimal equity involved in the parties' other jointly held parcel of real property, we are not inclined to disturb the decision of Special Term in that regard. As to the award of maintenance, Special Term did not abuse its discretion in light of "the circumstances of the case and of the respective parties" (Domestic Relations Law, § 236, part B, subd 6). We further note that each of the parties is responsible for his or her individual schedule of debts in accordance with their stipulation at trial. Damiani, J. P., Titone, Gulotta and Rubin, JJ., concur.