■ WILLIAM KOBYLACK, Respondent, v NANCY KOBYLACK, Appellant. — In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated September 22, 1981, as, after a nonjury trial, (1) ordered equitable distribution of the marital property with 72% of the value thereof to plaintiff and 28% to defendant; (2) applied the afore-mentioned proportions to the marital residence, which was owned jointly by the parties as tenants by the entirety, and directed plaintiff to pay to the defendant a distributive award of $12,983.71 representing her share of the value of that property; (3) determined that defendant is not entitled to any of the money contained in plaintiff's profit-sharing savings plan maintained through his employer, known as a "Thrift Fund"; and (4) denied defendant's application for counsel fees and determined that each party shall be responsible for the payment of his or her own counsel fees. Judgment modified, on the law, by deleting the fifth decretal paragraph thereof and substituting therefor a provision directing plaintiff to pay to defendant a distributive award of $20,031.77, representing her 28% share of the present cash value of $71,542.02 of his "Thrift Fund", as of December 31, 1980. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. We conclude that Special Term correctly applied the principles of the equitable distribution provisions of part B of section 236 of the Domestic Relations Law, which govern the instant case. Special Term set forth the factors enumerated in the Domestic Relations Law (§ 236, part B, subd 5, par d, cls [1]-[10]), and the facts relevant thereto, which it considered in arriving at the formula for the distribution of the marital property (see Domestic Relations Law, § 236, part B, subd 5, par g; *Duffy v Duffy,* 94 AD2d 711). The determination by Special Term that the major relevant consideration in the equitable distribution of the parties' marital property was their relative economic contributions to the marriage (see Domestic Relations Law, § 236, part B, subd 5, par d, cl [1]), was proper in the context of the facts and circumstances of the instant case. Both of the parties were employed full time throughout this childless marriage of approximately 10 years' duration and Special Term determined that they contributed to the household expenses and to the acquisition and maintenance of the marital property in accordance with their respective earnings. Special Term arrived at a formula, whereby it distributed 72% of the value of the marital property to plaintiff and 28% to defendant, based upon the average ratio of the parties' earnings during the marriage, as revealed by their income tax returns. Moreover, Special Term correctly applied that formula to arrive at a distributive award representing defendant's share of the value of the marital residence, which was owned jointly by the parties as tenants by the entirety. In the absence of any indication by the Legislature to the contrary, we conclude that the marital property "acquired by either or both spouses during the marriage * * * regardless of the form in which title is held" (Domestic Relations Law, § 236, part B, subd 1, par c), is subject to equitable distribution in accordance with the factors set forth in section 236 (subd 5, par d, cls [1]-[10]) of part B of the Domestic Relations Law. This encompasses property held jointly by the spouses as well as property in which one of the spouses holds title in his or her

name exclusively. The statute does not require that equitable distribution of such jointly held property, in accordance with the statutory factors, be under all circumstances, an equal distribution of the value thereof to each of those spouses (see *Duffy v Duffy, supra*). Special Term properly determined that the parties contributed to the purchase and maintenance of the marital residence in accordance with their relative earnings. By affirming the result reached by Special Term regarding the equitable distribution of the marital property, however, we do not adopt the dictum in the decision of Special Term as to the circumstances where marital fault may be considered as an additional factor in the distribution of such property (see Domestic Relations Law, § 236, part B, subd 5, par d, cl [10]). The question of the role of fault is not properly before this court. Special Term correctly determined that it was not a factor in the distribution of the marital property in the instant case. Special Term erred, however, when it failed to award defendant her equitable share of the savings in the profit-sharing plan, known as a "Thrift Fund", which plaintiff maintained through his employer. Plaintiff's "Thrift Fund" is a form of deferred compensation similar to a pension plan which this court has previously held constitutes marital property for the purposes of equitable distribution (see *Damiano v Damiano,* 94 AD2d 132; see, also, *Jolis v Jolis,* 111 Misc 2d 965). This Thrift Fund represents (1) savings comprised of payroll deductions from plaintiff's salary, (2) matching contributions from his employer, and (3) accrued interest to the extent that these sums accrued during the marriage. Plaintiff admitted at trial that he had explained to defendant that the money in the Thrift Fund was intended for the couple's retirement. Thus, it is clear that defendant, as well as plaintiff, had the expectation of the future enjoyment of the savings contained therein upon plaintiff's retirement (see *Damiano v Damiano, supra; Reed v Reed,* 93 AD2d 105; *Matter of Brown,* 15 Cal 3d 838; *Kikkert v Kikkert,* 177 NJ Super 471, affd 88 NJ 4). As of December 31, 1980, approximately one month prior to the trial in the instant case, the cash value of plaintiff's Thrift Fund was $71,542.02, representing the total of plaintiff's contributions of $32,578.06 from his salary, the contributions of his employer and the interest earned thereon. Pursuant to the formula established by Special Term for the equitable distribution of the marital property, defendant is entitled to an additional distributive award in the amount of 28% of $71,542.02, or $20,031.77, representing her equitable share of the Thrift Fund. We have considered the remaining contentions raised by defendant and find them to be without merit. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur. [110 Misc 2d 402.]