■ JOHN DURSO, Respondent, v CATHERINE DURSO, Appellant. — In an action for divorce, defendant appeals from so much of a judgment of the Supreme Court, Kings County (Spodek, J.), dated September 30, 1982, as limited an award of maintenance to her to three years' duration, failed to grant her a distributive share of certain property, and fixed child support. Matter remitted to the Supreme Court, Kings County, for compliance with the provisions of section 236 (part B, subd 5, par g; subd 6, par b; subd 7, par b) of the Domestic Relations Law; and appeal held in abeyance in the interim. Special Term shall file its findings with this court no later than February 7, 1984. In three places relevant to this case, part B of section 236 of the Domestic Relations Law declares that: "In any decision made pursuant to this subdivision, the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel" (Domestic Relations Law, § 236, part B, subd 5, par g; subd 6, par b; subd 7, par b). Despite this clear and inflexible mandate, Special Term rendered no written decision and merely signed a divorce judgment making financial dispositions that do not seem complete in view of the issues raised between the parties. Despite our power to do so, we are disinclined to assume Special Term's function and obligations. We therefore hold the appeal in abeyance and remit the matter to Special Term to comply with the terms of the statute and file its findings with this court by February 7, 1984. Mollen, P. J., Lazer, Thompson and Boyers, JJ., concur.