(February 29, 1984)

■ PAUL D. HORNBECK, Appellant, v BARBARA HORNBECK, Respondent. — In a matrimonial action, plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Rohl, J.), entered June 1, 1983, which, *inter alia,* directed him to pay to defendant wife $200 per week for maintenance for a period of three years or until defendant remarries, whichever event occurs first, $300 per week for child support, $11,000 in counsel fees, and a distributive award in the sum of $33,537, payable at the rate of $2,000 per month. Matter remitted to the Supreme Court, Suffolk County, for compliance with the provisions of section 236 (part B, subd 5, par g; subd 6, par b; subd 7, par b) of the Domestic Relations Law; and appeal held in abeyance in the interim. Special Term shall file its findings with this court no later than March 20, 1984. This action is governed by the provisions of part B of section 236 of the Domestic Relations Law. In *Nielsen v Nielsen* (91 AD2d 1016) this court noted: "In enacting part B of section 236 of the Domestic Relations Law, the Legislature deemed it advisable to require a court to consider specifically enumerated factors in making financial dispositions and to set forth the factors considered and the reasons for its decision. Section 236 (part B, subd 5, par d), for instance, sets forth 10 factors the court 'shall consider' in determining the equitable disposition of property and paragraph g of that subdivision states that 'the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel'. Similarly, section 236 (part B, subd 6, par a) sets forth 10 factors the court 'shall consider' in determining the amount and duration of a maintenance award and paragraph b of that subdivision reiterates that the court 'shall set forth' the factors and the reasons for its decision. Again, section 236 (part B, subd 7, par a) sets forth five factors to be considered in making child support awards, and paragraph b of that subdivision requires the court to set forth the factors and the reasons for its decision". Special Term, in its decision, enumerated these factors set forth in the statute. Such references, however, without a more detailed discussion of the court's considerations, clearly were not sufficient to comply with the statutory mandate requiring the court to provide the reasons for its decision. We note that an extensive trial was held in the present case. Nevertheless, Special Term has failed to sufficiently explain its determination as to the property distribution, maintenance, child support and counsel fees. Absent a detailed record of the court's reasoning, we find it necessary to remit to Special Term for further findings consistent with the relevant provisions of the Domestic Relations Law (*Nielsen v Nielsen, supra;* see *Duffy v Duffy,* 94 AD2d 711). Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.