■ JUANITA M. GAINER, Respondent, v HENRY L. GAINER, Appellant. — In a matrimonial action, defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Posner, J.), dated February 25, 1983, as, after a nonjury trial, (1) directed him to pay plaintiff wife $50 per week for her maintenance for a period of five years; (2) directed him to pay $100 per week in support of his two minor children until they both reach the age of 21 years or become emancipated, whichever occurs first; (3) ordered equitable distribution of certain marital property, with 25% of the value thereof awarded to plaintiff and 75% to defendant, and, applying these proportions to the afore-mentioned marital property, directed defendant to pay plaintiff a distributive award of $15,717 and awarded plaintiff $21,491 as her equitable share of defendant's pension; and (4) awarded plaintiff $5,000 in counsel fees. ¶ Matter remitted to the Supreme Court, Queens County, for compliance with the provisions of section 236 (part B, subd 5, par g; subd 6, par b; subd 7, par b) of the Domestic Relations Law; and appeal held in abeyance in the interim. Special Term shall file its findings with this court no later than April 2, 1984. ¶ Special Term failed to set forth either in its decision or judgment, the statutory factors it considered in distributing the parties' marital property (Domestic Relations Law, § 236, part B, subd 5, par d), and in awarding maintenance (Domestic Relations Law, § 236, part B, subd 6, par a) and child support (Domestic Relations Law, § 236, part B, subd 7, par a). It is mandatory that the court set forth these statutory factors together with the reasons for its decision (see Hornbeck v Hornbeck, 99 AD2d 851; Durso v Durso, 99 AD2d 478; Nielsen v Nielsen, 91 AD2d 1016). Although the court stated that it considered the factors regarding equitable distribution and maintenance, and alluded to some of the facts of the case in its decision and judgment, that is insufficient to explain its determinations on property distribution, maintenance and child support so as to comply with the requirements of the Domestic Relations Law (see Nielsen v Nielsen, supra; see, also, O'Sullivan v O'Sullivan, 94 AD2d 407). The court failed to make any reference to the statutory factors

regarding child support. Special Term must comply with the mandatory language of the statute (*Nielsen v Nielsen, supra*). Accordingly, the matter must be remitted to Special Term for further findings in accordance with the provisions of the Domestic Relations Law. While this court has the power to assume the functions of Special Term and make its own findings (*Durso v Durso, supra*), this power may be invoked only in extraordinary circumstances where the reasons for the determination appear on the face of the record (see *Schor v Schor*, 97 AD2d 460; *Duffy v Duffy*, 94 AD2d 711, 712; *Damiano v Damiano*, 94 AD2d 132, 134). In the case at bar, we decline to assume Special Term's function and obligations. Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.