■ PATRICIA A. PACIFICO, Appellant, v GEORGE D. PACIFICO, Respondent. — Judgment unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Plaintiff appeals from that part of a judgment awarding her property and maintenance under New York's Equitable Distribution Law (EDL; Domestic Relations Law, § 236, part B). She contends that the court erred in (1) distributing certain business property solely to defendant; (2) refusing to consider "fault" in distributing property and awarding maintenance; and (3) determining the amount and duration of maintenance. The plaintiff wife and defendant were married in 1974 and separated eight years later. Although plaintiff had six children from her previous marriage, she and defendant had none. The court ordered an equal division of all assets except an automobile and the proceeds of a money market account, which were awarded solely to plaintiff, and the interest in two businesses, Pacifico Cleaners and Sweaters Etcetera, which was awarded solely to defendant. In awarding the businesses to defendant, the court erred on two accounts. First, it did not expressly state whether it found Pacifico Cleaners and Sweaters Etcetera marital or separate property (Domestic Relations Law, § 236, part B, subd 5, par g). This omission precludes intelligent review of the court's decision since we are unable to determine whether it erroneously found the businesses to be separate property or whether it found

them to be marital property but concluded that plaintiff should have no interest in them (*O'Sullivan v O'Sullivan,* 94 AD2d 407; *Nielsen v Nielsen,* 91 AD2d 1016). Secondly, it erred in not recognizing that the nature of the parties' interest in them was different. Defendant's interest in Sweaters Etcetera is entirely marital property because defendant acquired his one-third partnership interest in it in November of 1981. Since this was during the marriage and two months prior to the commencement of the action, it falls within the statutory definition of marital property (Domestic Relations Law, § 236, part B, subd 1, par c). Pacifico Cleaners, on the other hand, includes both marital and separate property. The two-thirds interest defendant acquired in it from his brothers in 1978 for his separate property interest in another business, Louis Cleaners, remains separate since it was property acquired "in exchange for * * * separate property" (Domestic Relations Law, § 236, part B, subd 1, par d, cl [3]). His remaining one-third interest in Pacifico Cleaners acquired in 1976 is, however, marital property since it was acquired during the marriage and before this action (Domestic Relations Law, § 236, part B, subd 1, par c). Thus, two thirds of Pacifico Cleaners is separate property and one third of it, marital property (cf. *Duffy v Duffy,* 94 AD2d 711). ¶ Because the trial court found that plaintiff's involvement with Pacifico Cleaners was "minimal", we are not concerned with further analyzing defendant's two-thirds separate property interest to determine whether plaintiff has a claim to its appreciation due to her contributions (Domestic Relations Law, § 236, part B, subd 1, par d, cl [3]; cf., also, *Jolis v Jolis,* 111 Misc 2d 965). Although we find that defendant's interest in Sweaters Etcetera and one third of Pacifico Cleaners is marital property, we reject plaintiff's argument that she is entitled to a 50% distribution. Under EDL, a 50/50 split of marital property is not always required (*Kobylack v Kobylack,* 96 AD2d 831; *Duffy v Duffy, supra*). On remittance, the trial court should determine what amount, if any, plaintiff is equitably entitled to after applying the 10 statutory factors (Domestic Relations Law, § 236, part B, subd 5, par d, cls [1]-[10]). ¶ Plaintiff contends that "fault" is a factor in distributing property and awarding maintenance under EDL. While fault may be a factor to be considered by the court in certain circumstances, we agree with the trial court that the alleged illicit relationship that the defendant maintained with his business partner was not relevant in the circumstances of this case (see *Blickstein v Blickstein,* 99 AD2d 287). ¶ Finally, we reject plaintiff's contention that the maintenance award of $100 per week for 18 months is inadequate. The maintenance provisions under EDL authorize an award to meet the reasonable needs of either spouse based on economic need and ability to pay (Domestic Relations Law, § 236, part B, subd 6, par a) and the trial courts have broad discretion authorizing an award (Scheinkman, 1983 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, C236B:22, p 168, 1983-1984 Pocket Part). (Appeal from judgment of Supreme Court, Erie County, Kuszynski, J. — divorce.) Present — Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Moule, JJ.