■ FRANK BORG, Respondent, v RISE BORG, Also Known as RISE CORPAS, Appellant. — In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Rigler, J.), dated July 15, 1983, as granted the plaintiff husband a divorce on the ground of

cruel and inhuman treatment, awarded him certain household items and personal possessions and failed to make a distributive award to her.

Judgment affirmed insofar as appealed from, without costs or disbursements.

Special Term properly granted the plaintiff a divorce on the ground of the defendant's cruel and inhuman treatment of him. The finding that she was guilty of cruel and inhuman treatment was based upon the resolution of the parties' conflicting testimony and we defer to Special Term's determination on this issue of credibility (*D'Amato v D'Amato,* 96 AD2d 849; see *Davis v Davis,* 83 AD2d 547). We also note that corroboration is not required to establish acts of cruel and inhuman treatment constituting grounds for divorce (*D'Amato v D'Amato, supra*).

Moreover, Special Term properly declined to award defendant a share of the amount by which plaintiff's printing business, Commercial Graphics, appreciated in value from the date of the marriage to the commencement of this action. Plaintiff's one-half partnership interest in Commercial Graphics is entirely separate property because it was acquired prior to the marriage (Domestic Relations Law, § 236, part B, subd 2, par d, cl [1]; see *Pacifico v Pacifico,* 101 AD2d 709; *Van Ess v Van Ess,* 100 AD2d 848), and Special Term's finding that defendant made no substantial contribution to the business during the relatively brief six-month marriage through her services as spouse, wage earner, homemaker or otherwise is fully supported by the record. Since defendant failed to establish that the business appreciated in value due to her contributions, whether direct or indirect, she was not entitled to a component share of such appreciation (Domestic Relations Law, § 236, par B, subd 1, par d, cl [3]; see *Pacifico v Pacifico, supra;* see, also, *Conner v Conner,* 97 AD2d 88, 98-99).

Finally, we note that the court did not abuse its discretion in awarding plaintiff possession of his clothes, television, stereo system, tools, and depression glass collection (*Blickstein v Blickstein,* 99 AD2d 287). O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.