■ Joy B. Gape, Respondent, v Cyril Gape, Appellant. ■

The plaintiff wife and defendant were married in 1957 and have four children, the youngest of whom was born on May 8, 1965. Although both parties were employed at various times during the marriage, income which the plaintiff received from a trust fund established by her late father and which she deposited in the parties' joint bank account constituted the major source of support for the household. Over the course of this lengthy marriage and prior to the commencement of this action in September 1982, the parties jointly acquired various parcels of real estate and other assets of substantial value. The court awarded defendant one automobile and 20% of two thirds of the proceeds to be derived from the sale of certain property in Sagaponac owned by the parties as joint tenants. All other assets, including "plaintiff's interest" in two real estate agencies, were awarded solely to the plaintiff.

Although, in its decision, Special Term enumerated the factors set forth in Domestic Relations Law § 236 (B) (5) (g) (see, Hornbeck v Hornbeck, 99 AD2d 851; Nielsen v Nielsen, 91 AD2d 1016; see also, Gainer v Gainer, 100 AD2d 533), the absence of express findings of fact and of a detailed discussion of the enumerated factors precludes an intelligent review of the court's decision in this case.

We would point out, by way of example, that Special Term, without explanation, valued the Sagaponac property at $160,000, whereas the parties had stipulated that it was worth $240,000. In addition, we are unable to determine from the court's decision the basis for its determination to award defendant only a 20% interest in two thirds of the Sagaponac property. Similarly, it is unclear whether the court's reference to "[p]laintiff's interest" in the two real estate agencies was based upon a finding that the agencies were part separate property and part marital property and whether Special Term considered the defendant's contributions in the negotiations and purchase of plaintiff's former partner's interest in Coventry Real Estate, Inc. In this respect we note that no evidence was adduced concerning the value of Coventry Real Estate, Inc.

Accordingly, a new trial is granted, limited to the issue of the distribution of marital property. At the conclusion of the new

trial, Special Term should make a determination setting forth its findings of fact and a discussion of the relevant statutory factors it considered, consistent with the dictates of Domestic Relations Law § 236 (B) (5) (d), (g). At the retrial the parties should also present evidence concerning the value of Coventry Real Estate, Inc., and the court should then determine the amount thereof, if any, to which defendant is equitably entitled after applying the 10 statutory factors (Domestic Relations Law § 236 [B] [5] [d] [1]-[10]; *see, Pacifico v Pacifico,* 101 AD2d 709; *Conner v Conner,* 97 AD2d 88). Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.