■ WILLIAM KOBYLACK, Respondent, v NANCY KOBYLACK, Appellant. — In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated September 22, 1981, as, after a nonjury trial, (1) ordered equitable distribution of the marital property with 72% of the value thereof to the plaintiff husband and 28% to defendant; (2) applied the aforementioned proportions to the marital residence, which was owned jointly by the parties as tenants by the

entirety, and directed plaintiff to pay to the defendant a distributive award of $12,983.71, representing her share of the value of that property; (3) determined that defendant is not entitled to any of the money contained in plaintiff's profit-sharing savings plan maintained through his employer, known as the "Thrift Fund"; and (4) denied defendant's application for counsel fees and determined that each party shall be responsible for the payment of his or her own counsel fees. By order dated August 1, 1983, this court modified the judgment of Special Term, on the law, by directing plaintiff to pay defendant an additional distributive award of $20,031.77, representing a 28% share of the present cash value of his "Thrift Fund" as of December 31, 1980 (*see, Kobylack v Kobylack,* 96 AD2d 831). By order dated June 14, 1984, the Court of Appeals reversed that order and remitted the matter to this court for further clarification of the basis of our decision pursuant to CPLR 5712 (c) (*see, Kobylack v Kobylack,* 62 NY2d 399).

Judgment modified, on the law and the facts, by deleting the fifth and sixth decretal paragraphs thereof. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to Special Term to determine the value of the distributive award, representing 28% of the present cash value of plaintiff's "Thrift Fund" which accrued during the marriage and prior to the commencement of the matrimonial action, to which defendant is entitled, and any distributive awards to which the parties may be entitled from their respective pension rights, in accordance herewith. The findings of fact of Special Term are affirmed, except where specifically indicated otherwise.

Special Term correctly applied the principles of the equitable distribution provisions of Domestic Relations Law § 236 (B) which govern the instant case. Special Term set forth the factors enumerated in Domestic Relations Law § 236 (B) (5) (d) (1)-(10), and the facts relevant thereto, which it considered in arriving at the formula for the distribution of the marital property (*see,* Domestic Relations Law § 236 [B] [5] [g]; *Duffy v Duffy,* 94 AD2d 711). The determination by Special Term that the major relevant consideration in the equitable distribution of the parties' marital property was their relative economic contributions to the marriage (*see,* Domestic Relations Law § 236 [B] [5] [d] [1]) was proper in the context of the facts and circumstances of the instant case. Both of the parties were employed full time throughout this childless marriage of approximately 10 years' duration and Special Term determined that they contributed to the household expenses and to the acquisition and maintenance

of the marital property in accordance with their respective earnings. Special Term arrived at a formula whereby it distributed 72% of the value of the marital property to plaintiff and 28% to defendant, based upon the average ratio of the parties' earnings during the marriage, as revealed by their income tax returns.

Moreover, Special Term correctly applied that formula to arrive at a distributive award representing defendant's share of the value of the marital residence, which was owned jointly by the parties as tenants by the entirety. In the absence of any indication by the Legislature to the contrary, we conclude that the marital property "acquired by either or both spouses during the marriage * * * regardless of the form in which title is held" (Domestic Relations Law § 236 [B] [1] [c]) is subject to equitable distribution in accordance with the factors set forth in Domestic Relations Law § 236 (B) (5) (d) (1)-(10). This encompasses property held jointly by the spouses, as well as property in which one of the spouses holds title in his or her name exclusively. The statute does not require that equitable distribution of such jointly held property, in accordance with the statutory factors, be, under all circumstances, an equal distribution of the value thereof to each of those spouses (*see, Arvantides v Arvantides,* 64 NY2d 1033; *Duffy v Duffy, supra*). Special Term properly determined that the parties contributed to the purchase and maintenance of the marital residence in accordance with their relative earnings.

We do not, however, adopt the dictum in the decision of Special Term concerning the role of marital fault as a consideration in the equitable distribution of marital property (*see,* Domestic Relations Law § 236 [B] [5] [d] [10]). This issue has been discussed, at great length, in the opinion of this court in *Blickstein v Blickstein* (99 AD2d 287). Pursuant to the standard enunciated in that decision, marital fault may only become a relevant consideration in the equitable distribution of the marital property in rare and egregious situations (*see, Blickstein v Blickstein, supra,* at p 292), and is not relevant here.

The modification of the judgment of Special Term by awarding defendant an equitable share of plaintiff's "Thrift Fund" represents a determination upon the law and the facts pursuant to CPLR 5712 (c) (2). Special Term erred, as a matter of law, when it considered plaintiff's "Thrift Fund" to be his separate property (*see,* Domestic Relations Law § 236 [B] [1] [d]). The "Thrift Fund" is a savings plan maintained on behalf of plaintiff through his employer and is comprised of (1) payroll deductions from plaintiff's salary, (2) matching contributions from his

employer, and (3) interest earned on the above contributions. Plaintiff testified at trial, based upon records from his employer, that there was a total of $71,542.02 in his "Thrift Fund" as of December 31, 1980, approximately five months after the commencement of the matrimonial action. An employee benefits specialist from plaintiff's employer had advised defendant's counsel that plaintiff's interest in the "Thrift Fund" had become fully vested after five years of service and, thus, he could withdraw the entire amount in that fund if he terminated his employment. At the time of the trial, plaintiff would not have incurred any tax liability if he withdrew from the "Thrift Fund" an amount up to $32,578.06, representing his total contributions to that fund from his salary up until December 31, 1980.

Plaintiff's "Thrift Fund" is a form of deferred compensation analogous to vested pension rights, which have been held to constitute marital property subject to equitable distribution to the extent that they have accrued during the marriage and prior to the commencement of the matrimonial action (*see, Majauskas v Majauskas,* 61 NY2d 481, 485-486; *Rodgers v Rodgers,* 98 AD2d 386, 392-393, *appeal dismissed* 62 NY2d 646; *Damiano v Damiano,* 94 AD2d 132, 139; *see also, Jolis v Jolis,* 111 Misc 2d 965, 980-982, *affd* 98 AD2d 692). In addition, there is factual support on the record for determining that plaintiff's "Thrift Fund" should be considered marital property, pursuant to Domestic Relations Law § 236 (B) (1) (c), rather than plaintiff's separate property. Plaintiff admitted at trial that he had explained to defendant that the money in the "Thrift Fund" was intended for the couple's retirement, thus indicating that both spouses had the expectation of the future enjoyment of this asset (*see, Damiano v Damiano, supra,* at p 137).

The determination as to the share of the "Thrift Fund" to which defendant is entitled and the appropriate form of the award, whether it should be an immediate distribution of an equitable portion of the present value of the fund or deferred payments based upon the benefits plaintiff will ultimately receive upon his retirement, represents questions of fact entrusted to the matrimonial court in the first instance (*see, Majauskas v Majauskas, supra,* at pp 486, 493; *Damiano v Damiano, supra,* at pp 139-140). The trial record, however, contains sufficient evidence concerning plaintiff's "Thrift Fund" and the circumstances of the parties to enable this court to exercise its authority to make findings of fact concerning the appropriate form of the award and the equitable share of the fund to which defendant is entitled, in accordance with the factors outlined in Domestic Relations Law § 236 (B) (5) (d) (*see, Kobylack v Kobylack,* 62 NY2d 399, 403, *supra; Majauskas v Majauskas, supra,*

at pp 493-494; *Duffy v Duffy, supra,* at p 712). An immediate distributive award to defendant of an equitable share of the present value of the portion of plaintiff's "Thrift Fund" which accrued during the parties' marriage and prior to the commencement of the matrimonial action is appropriate. It is possible to arrive at an accurate calculation of the present value of the "Thrift Fund" which is subject to equitable distribution and plaintiff can provide defendant with the distributive award by either withdrawing the money from the fund or by offsetting the amount from his share of the proceeds of the sale of the marital residence (*see,* Domestic Relations Law § 236 [B] [1] [c]; *Majauskas v Majauskas, supra,* at p 486; *Rodgers v Rodgers,* 98 AD2d 386, 392, *supra; Damiano v Damiano,* 94 AD2d 132, 139, *supra*).

With respect to the share of plaintiff's "Thrift Fund" to which defendant is entitled, we adhere to our original determination that she should receive a distributive award representing 28% of the portion of the fund which accrued during the marriage and prior to the commencement of the matrimonial action. The New York Equitable Distribution Law accords a judge the flexibility to award the spouses an appropriate equitable share of each marital asset in accordance with the factors in Domestic Relations Law § 236 (B) (5) (d), as applied to the facts and circumstances of the individual case (*see, Rodgers v Rodgers, supra,* at p 391; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, 1977-1984 Supp Pamph, Domestic Relations Law C236B:10, pp 196-198). We conclude that the formula for the equitable distribution of the other marital assets developed by Special Term and the analysis of the statutory factors upon which it is based are applicable, with equal force, to plaintiff's "Thrift Fund". Moreover, there are no other considerations, including any significant economic or noneconomic contributions by defendant to her former husband's career (*see,* Domestic Relations Law § 236 [B] [5] [d] [6]) which would support an award to defendant of a larger portion of the "Thrift Fund" than her 28% share of the other marital assets, calculated by Special Term based upon her relative economic contributions to the marriage.

After reconsidering this matter upon remittitur, we conclude, however, that further proceedings are necessary before Special Term to calculate the precise value of the distributive award to which defendant is entitled, in accordance with the guidelines set forth below. The sum of $71,542.02, the total amount of money in plaintiff's "Thrift Fund" as of December 31, 1980, approximately five months after the commencement of this matrimonial action, represents a starting point in determining

the value of the fund which constitutes marital property subject to equitable distribution pursuant to Domestic Relations Law § 236 (B) (1) (c). However, Special Term should, if possible, arrive at a more precise value of the portion of the "Thrift Fund" subject to equitable distribution by eliminating from the sum of $71,542.02 the contributions made to the fund by plaintiff and his employer during the period between June 1969, when plaintiff first became eligible for the fund, and November 1970, when he married defendant.

We conclude, as well, that more consideration must be given to the tax consequences of an immediate distributive award representing defendant's equitable share of plaintiff's "Thrift Fund" (*see,* Domestic Relations Law § 236 [B] [5] [d] [10]; *Rodgers v Rodgers,* 98 AD2d 386, 392-393, *supra*). Special Term should calculate the total amount of taxes plaintiff would owe if he withdrew from his "Thrift Fund" the money which accrued during the parties' marriage and prior to the commencement of the matrimonial action, as of the date the distributive award is made. An amount equal to 28% of this tax liability should be subtracted from defendant's equitable share of the above portion of the "Thrift Fund", to arrive at the value of the distributive award. In this way, defendant will obtain an equitable share of the benefits of the tax-exempt portion of the "Thrift Fund", representing plaintiff's contributions thereto from his salary, and will share the tax burden on remaining money in the fund.

Further, some consideration should be given to the parties' pension rights (*see, Kobylack v Kobylack,* 62 NY2d 399, 403, *supra; Majauskas v Majauskas, supra; Damiano v Damiano, supra*). Plaintiff and defendant both testified at trial that they would be entitled, upon retirement, to benefits from pension plans through their respective employers. Plaintiff has a noncontributory pension plan, which is separate and distinct from his "Thrift Fund". No evidence was introduced at trial, however, as to whether plaintiff's pension rights were vested and whether they had an ascertainable present value. Defendant also had a noncontributory pension plan through her former employer. A letter from a personnel officer of that employer stated that defendant had vested rights in the pension plan which would entitle her to a benefit of $1,536 per year if she retired at age 65, with reduced benefits if she retires at an earlier age. Special Term should determine, upon remittitur, whether defendant should receive an additional distributive award representing her equitable share of plaintiff's pension rights and whether the total distributive award paid to defendant should be adjusted to reflect the value of her own pension rights. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.