■ ELIZABETH ROGERS, Respondent, v JOHN ROGERS, Appellant.—In an action, inter alia, for a divorce or separation and for a judgment concerning nonmarital property, defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Palella, J.), dated January 3, 1984, which, inter alia, after a nonjury trial, awarded plaintiff wife a separation, the nonmarital property in dispute and monthly maintenance in the sum of $1,500 and monthly child support in the sum of $1,500, and directed that he pay other obligations such as mortgage, utilities and taxes.

Judgment modified, on the law, by deleting the first decretal paragraph thereof awarding plaintiff a separation and by deleting the third decretal paragraph thereof awarding plaintiff maintenance and child support and directing payments such as mortgage utilities and taxes. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for a new trial on plaintiff's cause of action for a separation and for a de novo determination of plaintiff's claim for maintenance and child support. In the interim the payments required by the pendente lite award shall be continued to be made by defendant.

Defendant claims that there was insufficient evidence adduced at trial to sustain plaintiff's fourth cause of action for a separation based on defendant's nonsupport and plaintiff's fifth cause of action to recover nonmarital property in defendant's possession. It appears from the record, however, that some confusion existed during trial among counsel and the court in attempting to defer the receipt of evidence relating to plaintiff's maintenance and child support claims until a later stage of the trial and that, as a result, plaintiff was deprived of a fair opportunity to present evidence of nonsupport on her cause of action for separation. Under the circumstances, we find that the interest of justice dictates that plaintiff be granted a new trial on that cause of action. Sufficient evidence was adduced at trial to sustain the award to plaintiff of the nonmarital property in dispute. Payments of the carrying charges on the marital residences as well as plaintiff's ordinary medical expenses, however, are in the nature of open-ended obligations and should have been included in the amount set for maintenance (see, Menegis v Menegis, 95 AD2d 825).

In addition, Special Term failed to set forth either in its decision or judgment the statutory factors it considered in awarding maintenance (Domestic Relations Law § 236 [B] [6] [a]) and child support (Domestic Relations Law § 236 [B] [7] [a]). It is mandatory that the court set forth these statutory factors together with the reasons for its decision (see, Nielsen v Nielsen, 91 AD2d 1016). Although the court alluded to some of the facts of the case in its decision and judgment, that is insufficient to explain its determinations on maintenance and child support so as to comply with the requirements of the Domestic Relations Law (see, Nielsen v Nielsen, supra). Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.