■ MARY B. ROSSI, Respondent-Appellant, v RONALD P. ROSSI, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals and the plaintiff wife cross-appeals from so much of a judgment of the Supreme Court, Orange County (King, J.), dated July 10, 1986, as, after a nonjury trial, adjudged certain property owned by the parties to be marital property and directed the distribution thereof.

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a new determination based on findings of fact in compliance with the provisions of Domestic Relations Law § 236 (B) (5) (g), in accordance herewith.

Domestic Relations Law § 236 (B) (5) (d) sets forth a number of factors which a court "shall consider" in determining the

equitable distribution of marital property. Domestic Relations Law § 236 (B) (5) (g), moreover, provides that a court "shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel". We find that the trial court failed to comply with the latter requirement by neglecting to set forth the factors it considered and the reasons for its decision (see, Nielsen v Nielsen, 91 AD2d 1016). Furthermore, although this court is empowered to make determinations as to equitable distribution in situations where the trial court has omitted specific reference to the factors upon which its decision was based (see, Kobylack v Kobylack, 62 NY2d 399, 403; Majauskas v Majauskas, 61 NY2d 481, 493-494; Damiano v Damiano, 94 AD2d 132, 134), we decline to do so in the instant case absent a detailed record of the reasoning employed by the court (see, O'Brien v O'Brien, 120 AD2d 656, 657; Dolan v Dolan, 101 AD2d 824; Hornbeck v Hornbeck, 99 AD2d 851; cf., Duffy v Duffy, 94 AD2d 711, 712). We therefore remit the matter to the Supreme Court for a new determination based on findings of fact in compliance with Domestic Relations Law § 236 (B) (5) (g).

We further note, contrary to the findings of the Supreme Court, that the moneys received by the defendant in settlement of his personal injury action and as an inheritance constitute separate property and, as such, are not subject to equitable distribution (see, Domestic Relations Law § 236 [B] [1] [d] [1], [2]; see also, Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:8, at 211). The court likewise erred in placing a value of $98,000 on the marital residence inasmuch as such a finding is wholly unsupported by the record.

Finally, we observe that both the villa in Shawnee Village, Pennsylvania, and the house located on Dubois Street in Pine Bush, New York, are separate property inasmuch as they were purchased by the defendant in exchange for separate property acquired by him before the marriage (see, Domestic Relations Law § 236 [B] [1] [d] [3]), and that the plaintiff's assertions to the contrary are without merit. Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.