■ SUSAN T. KLUGE, Respondent, v CHARLES G. KLUGE, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The trial court failed to comply with Domestic Relations Law § 236 (B) (5) (g) and (6) (b). The court must set forth the factors it considered and the reasons for its decision when making an equitable distribution of marital property and an award of maintenance, and this requirement may not be waived by either party. Mere reference to the statutory factors without a more detailed discussion of the court's reasoning does not comply with the statutory mandate *(see, Rosenstock v Rosenstock,* 139 AD2d 164, 167; *Hornbeck v Hornbeck,* 99 AD2d 851) and precludes intelligent appellate review *(see, Gape v Gape,* 110 AD2d 621, 622; *Pacifico v Pacifico,* 101 AD2d 709). Consequently, we remit this matter to the trial court to make more detailed factual findings and set forth the reasons for its equitable distribution of marital property, its award of maintenance, and its award of counsel fees. At the same time, the trial court should determine the amount of arrearages due, giving defendant credit for all payments he made voluntarily and pursuant to a temporary order. The trial court is further directed to make a specific finding whether the balance due on a home equity loan is marital debt or the sole responsibility of defendant. (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—divorce.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.