■ MARY B. ROSSI, Respondent, v ROLAND P. ROSSI, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Orange County (King, J.), dated September 1, 1988, which adjudged certain property owned by the parties to be marital property and directed the distribution thereof.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate judgment directing that the marital residence be

sold, that the mortgage be satisfied with the proceeds, and that the balance of the proceeds be distributed with 60% to the husband and 40% to the wife.

When this matter was originally before this court, we reversed the Supreme Court's determination distributing the parties' marital property, and remitted the matter to that court for a new determination based on findings of fact in compliance with Domestic Relations Law § 236 (B) (5) (d) and (g) *(see, Rossi v Rossi,* 137 AD2d 590). On this appeal, we are called upon to review the Supreme Court's new determination.

Upon reading the decision and the order under review, we conclude that the Supreme Court did not comply with our previous direction to set forth the factors it considered and the reasons for its decision as mandated by Domestic Relations Law § 236 (B) (5) (d) and (g) *(see, Nielsen v Nielsen,* 91 AD2d 1016). Nevertheless, in the interest of judicial economy, we are exercising our power to make determinations as to the equitable distribution of the parties' marital property *(see, Kobylack v Kobylack,* 62 NY2d 399, 403; *Majauskas v Majauskas,* 61 NY2d 481, 493-494; *Damiano v Damiano,* 94 AD2d 132, 134).

We first note that it was error for the Supreme Court to declare that a time share in the villa in Shawnee Village, Pennsylvania, constituted marital property. As we pointed out in our prior decision, the time share was in fact separate property, since it was purchased by the husband in exchange for separate property acquired by him before the marriage *(see,* Domestic Relations Law § 236 [B] [1] [d] [3]; *Rossi v Rossi, supra).*

The parties were married on June 7, 1980. They were separated in July 1984 and the action for divorce was commenced soon thereafter on December 14, 1984. The marriage produced no children, but the parties did reside with two children of the husband from a previous marriage. The record reveals that both parties were self-supporting prior to the marriage. The wife had been employed as a senior customer service representative by a major bank, and a part-time waitress. Her gross annual income was approximately $16,000. The husband had been employed as a New York City fireman for over 20 years before he retired on a disability pension in October 1977. He subsequently obtained employment as a real estate broker. His gross annual income as a broker and from the pension was approximately $76,000. Although the husband is on a disability pension, the health of both parties is apparently good.

The husband entered into a contract to purchase the marital residence prior to the marriage. Although the closing occurred after the marriage, he purchased the marital residence with funds he had acquired before the marriage. The purchase price was $41,000, and at the closing, he paid over $27,000 toward the purchase price and closing costs. He also assumed a mortgage of approximately $15,000. The wife did not contribute any moneys towards the purchase price, and title was placed solely in the husband's name.

Thereafter, with the exception of one mortgage payment and one fuel oil payment, the husband assumed responsibility for all mortgage, tax, insurance, and utility payments. The wife continued to work outside the home and performed the majority of the household chores. She also purchased the household food at $100 per week. The husband paid for approximately $7,000 worth of improvements to the house. The parties did not maintain joint bank accounts during the marriage, nor was any of their property held jointly. There was no other marital property.

In view of the short duration of this childless marriage, the absence of any monetary contribution on the wife's part toward the acquisition of the marital residence, and because the marital residence constituted the sum of the parties' marital property, we find that the Supreme Court should not have granted sole title to the marital residence to the wife. Since neither party is now residing in the marital residence, it would be appropriate for it to be sold, the remaining mortgage satisfied out of the sale proceeds, and the balance distributed to the parties. Upon the record before us, we believe that the wife is entitled to receive 40% of the net proceeds and the husband should receive 60% thereof. The matter is therefor remitted to the Supreme Court, Orange County, for the entry of an appropriate judgment. Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.