■ MARY ANN LYMAN, Appellant, v RAYMOND LYMAN, Respondent. [633 NYS2d 135] —Judgment, Supreme Court, Bronx County (Irene J. Duffy, J.), entered on or about January 9, 1995, which, after a trial, granted the parties a dual divorce and related ancillary relief concerning custody of the parties' minor child, support, and the marital home, unanimously modified, on the law and facts, the rulings with respect to the related ancillary relief vacated and the matter remanded for a new trial thereon and otherwise affirmed, without costs.

Domestic Relations Law § 236 (B) (5) (g) provides that a court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel. Upon the conclusion of the trial in this matter in November 1993, the trial court (Lorraine Backal, J.), reserved decision and requested the parties' counsel to submit memoranda of law and proposed Findings of Fact and Conclusions of Law. Counsel for the parties made the requested submissions and thereafter called and wrote the Trial Judge. However, no decision was rendered by the court for over a year. On November

21, 1994, the day the Trial Judge resigned from the bench, the Judge simply signed defendant's proposed Findings of Fact and Conclusions of Law.

The trial court failed to comply with the requirements of Domestic Relations Law § 236 (B) (5) (g) (*Rossi v Rossi*, 137 AD2d 590, 591; *see, Nielsen v Nielsen*, 91 AD2d 1016). In view of the state of the record and the absence of any indication of the reasoning employed by the trial court for its determination of the ancillary issues of, *inter alia*, custody, support and possession of the marital residence, the matter is remanded for a new trial on said ancillary issues. Neither party raising any issue or requesting any relief with respect to the granting of the dual divorce itself, that portion of the judgment is affirmed. Concur—Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.