Rogowski v Rogowski (2019 NY Slip Op 03095)





Rogowski v Rogowski


2019 NY Slip Op 03095


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2010-04445
 (Index No. 200148/08)

[*1]Christine Ella Rogowski, respondent, 
v
Marek Rogowski, appellant.


Marek Rogowski, Ridgewood, NY, appellant pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County (Arthur Diamond, J.), entered March 3, 2010. The judgment of divorce, insofar as appealed from, awarded the plaintiff maintenance for a period of five years in the amount of $2,500 per month and 60% of the defendant's annual employment bonus in excess of $14,200.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursments.
In 2008, the plaintiff commenced this action against the defendant for a divorce and ancillary relief. Following a trial, the Supreme Court issued a judgment of divorce in which it awarded the plaintiff maintenance for a period of five years in the amount of $2,500 per month plus 60% of the defendant's annual employment bonus in excess of $14,200. The defendant appeals.
The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (see Neumann v Hercz, 166 AD3d 790; Weidman v Weidman, 162 AD3d 720, 723). The Supreme Court properly considered the factors enumerated in Domestic Relations Law former § 236(B)(6)(a) in making its determination, including, inter alia, the present or future earning capacity of the parties; the need of one party to incur education or training expenses; the care of children provided during the marriage that inhibits a party's earning capacity; the reduced or lost earning capacity of the payee as a result of having forgone or delayed education, training, employment, or career opportunities during the marriage; the contributions and services of the payee as a spouse, parent, wage earner, and homemaker to the career or career potential of the other party; and the wasteful dissipation of material property by either spouse. Given that the parties agreed that the plaintiff would quit work and care for the children, and given the evidence adduced regarding the parties' respective incomes and future employment prospects, the court did not improvidently exercise its discretion in determining the amount or duration of maintenance. Also, contrary to the defendant's contention, the award of a portion of the defendant's annual employment bonus as a part of maintenance did not constitute an improper open-ended obligation (see generally Mosso v Mosso, 84 AD3d 757, 759-760; Rogers v Rogers, 116 AD2d 710, 711).
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court