Mage v Mage (2023 NY Slip Op 02503)

Mage v Mage

2023 NY Slip Op 02503

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-05048
 (Index No. 201577/12)

[*1]Christine Mage, appellant-respondent,
v
Joseph Mage, respondent-appellant.

Terence Christian Scheurer, P.C., Carle Place, NY, for appellant-respondent.
Harriette M. Steinberg, P.C., Westbury, NY, for respondent-appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated January 15, 2016, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), dated February 27, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for a money judgment in the principal sum of $223,125, representing 50% of the proceeds of the sale of certain real property located in Athens, New York, and denied that branch of the plaintiff's cross-motion which was for an award of arrears for unreimbursed medical and extracurricular expenses. The order, insofar as cross-appealed from, upon granting that branch of the defendant's motion which was for a money judgment in the principal sum of $223,125, directed, sua sponte, that statutory interest on the money judgment accrue only from July 31, 2019.
ORDERED that the cross-appeal is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal, as the cross-appeal has been rendered academic in light of our determination of the appeal; and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was for a money judgment in the principal sum of $223,125 is denied, a subsequent money judgment dated March 5, 2020, entered upon the order, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination of the issues of equitable distribution of the proceeds of the sale of the real property located in Athens, New York, and the plaintiff's entitlement to an award of arrears for unreimbursed medical and extracurricular expenses, and a new determination thereafter of that branch of the plaintiff's cross-motion which was for an award of arrears for unreimbursed medical and extracurricular expenses; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were divorced by a judgment dated January 15, 2016. In an order dated February 27, 2020, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for a money judgment in the principal sum of $223,125, representing 50% of the proceeds of the sale of certain real property located in Athens, New York (hereinafter the Lakehouse property), [*2]and denied that branch of the plaintiff's cross-motion which was for an award of arrears for unreimbursed medical and extracurricular expenses.
Contrary to the defendant's contention, the Supreme Court erred in interpreting this Court's decision and order on a prior appeal in this matter (see Mage v Mage, 174 AD3d 884) to require that the proceeds of the sale of the Lakehouse property be divided evenly between the parties. On that prior appeal, this Court determined only that the Lakehouse property was not the plaintiff's separate property, but instead was marital property (id. at 886). This Court did not determine how that marital property should be distributed. Domestic Relations Law § 236(B)(5)(d) provides that a court "shall consider" several enumerated factors in determining the equitable distribution of marital property. Under Domestic Relations Law § 236(B)(5)(g), a court determining the disposition of the parties' property "shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel." Here, the Supreme Court failed to set forth the factors it considered and the reasons for its decision to award the defendant 50% of the proceeds of the sale of the Lakehouse property (see Rossi v Rossi, 137 AD2d 590). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing and determination of the issue of equitable distribution of the proceeds of the sale of the Lakehouse property based on findings of fact in compliance with Domestic Relations Law § 236(B)(5)(d) and (g).
The Supreme Court also erred in denying that branch of the plaintiff's cross-motion which was for an award of arrears for unreimbursed medical and extracurricular expenses, based on its interpretation of this Court's holding on the prior appeal in Mage v Mage (174 AD3d 884). On that appeal, this Court held that the Supreme Court erred in awarding the plaintiff unreimbursed medical and extracurricular expenses because the plaintiff had failed to make an application for such an award pursuant to Domestic Relations Law § 244. Several months after this Court's decision and order was issued, the plaintiff submitted an application for certain expenses as part of the instant cross-motion. Her application was supported by an attorney affirmation, the plaintiff's affidavit, and copies of bills. Since nothing in this Court's decision and order on the prior appeal prevented the plaintiff from seeking such relief in the future upon the submission of a proper application, the Supreme Court improperly refused to entertain that branch of the plaintiff's cross-motion which was for an award of arrears for unreimbursed medical and extracurricular expenses. The record on this appeal, however, is insufficient for this Court to determine whether the submitted expenses are for unreimbursed medical and extracurricular expenses, and we therefore remit the matter to the Supreme Court, Nassau County, for a hearing and determination of the issue of whether the plaintiff is entitled to an award of arrears for unreimbursed medical and extracurricular expenses (see generally McLoughlin v McLoughlin, 74 AD3d 911), and a new determination thereafter of that branch of the plaintiff's cross-motion.
The plaintiff's contention that the Supreme Court should not have directed that each party pay 50% of the fees and costs of the receiver appointed to sell the marital residence is not properly before this Court on this appeal and cross-appeal, since this directive was not made in the order under review.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court